**UNITED STATES v. GOTTFRIED.**

Civil Actions Nos. 122–134; 122–137.

United States District Court
S. D. New York.

July 26, 1951.

was convicted on a charge of conspiracy to defraud the United States and was sentenced to imprisonment for one year and one day, and fined $10,000, the prison sentence to run concurrently with the sentence in the case first mentioned. In each instance the defendant was ordered to stand committed until the fine was paid or until he should otherwise be discharged according to law. In effect, on the two indictments the defendant was sentenced to imprisonment for three years and a fine of $20,000, to stand committed until the fine is paid.

The defendant was committed to the Federal Correction Institution at Danbury, Connecticut. Under the parole law, he became eligible for parole after serving one-third of his sentence, to wit, one year. This eligibility date was April 24, 1949. He was paroled on April 25, 1949, and remained on parole for the remainder of the sentence, namely, until April 24, 1951. He has not paid the fine.

It is provided in the United States Code, Title 18, Section 3569, that when a poor convict, sentenced to be imprisoned and pay a fine, or to pay a fine, has been confined in prison thirty days solely for the non-payment of such fine, he may apply to the nearest United States Commissioner for leave to take a pauper's oath. If the United States Commissioner finds that the convict is unable to pay the fine and has no property exceeding $20 in value, the poor convict's oath may be administered to him. The convict may then be discharged from further imprisonment for non-payment of the fine, although it should be noted that the fine nevertheless remains as a civil judgment. In other words, a person who is committed for the non-payment of a fine may not be indefinitely imprisoned if he shows that he is unable to pay it, but upon a showing of inability, may be released after the expiration of thirty days' imprisonment, upon taking the poor convict's oath.

In this case the defendant has not been imprisoned for the non-payment of the fine. Accordingly, after the sentence expired, the Government applied ex parte for a warrant for the defendant's arrest for the

Irving H. Saypol, U. S. Atty., and Louis Grossman, Asst. U. S. Atty., New York City, for the United States.

Monroe Goldwater, and Harry Rodwin, both of New York City, for the motion.

HOLTZOFF, District Judge (sitting by designation).

This case involves the interpretation of a provision of a judgment of conviction in a criminal case, imposing a fine and providing that the defendant shall stand committed until the fine is paid.

On March 27, 1947, defendant was convicted in this district, case No. C. 122–134, on a charge of making false statements to the Office of Price Administration. He was sentenced to imprisonment for three years and a fine of $10,000 on the first count, and imprisonment for three years on the second count, the two prison sentences to run concurrently. At the same time, he

698

non-payment of the fine. The court directed the issuance of such a warrant. The defendant now seeks to set the order aside.

It is the defendant's contention that the provision that he stand committed for non-payment of the fine does not require actual imprisonment, but may be fulfilled by an extension of a period of parole for at least thirty days, and thereafter until a poor convict's oath is administered to him. On the other hand, the Government contends that the commitment contemplated by such a judgment is actual imprisonment and that the parole law does not affect the matter in any way.

The Court is of the opinion the Government's contention is well founded. A judgment directing commitment of the defendant until the fine is paid is to be interpreted as requiring his imprisonment, either until the fine is paid or for at least thirty days and thereafter, until he takes a poor convict's oath. The requirement is not satisfied by an extension of the period of parole. While parole is a part of the sentence, it is not a commitment or imprisonment. Moreover, the statute refers to imprisonment and to confinement in prison solely for non-payment of the fine.

The Court concludes, therefore, that a provision for commitment for non-payment of the fine may not be fulfilled by an extension of the period of parole and that a person on parole cannot be deemed to be confined in prison for non-payment of a fine. Actual imprisonment is required if the judgment directs that the defendant be committed until the fine is paid. Any other view would render the requirement of imprisonment nugatory.

The law envisions the possibility that a defendant might be indefinitely imprisoned if he is unable to pay the fine, and, therefore, permits him to take a poor convict's oath after he serves at least thirty days' imprisonment for non-payment of the fine.

The defendant's motion to vacate the order directing issuance of a warrant is denied.